**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**CAMERON GASKINS,**

     **Plaintiff,**

**vs.**                        **Case No. 4:09cv461-SPM/WCS**

**UNITED STATES OF AMERICA,**

     **Defendant.**

_____/

## REPORT AND RECOMMENDATION

On November 1, 2010, Defendant filed a motion to dismiss or, in the alternative, a motion for summary judgment. Doc. 45. I entered an order construing it as one for summary judgment since Defendant contends there are facts which are not genuinely disputed and cites to several exhibits. Doc. 46. Plaintiff was advised of his obligation to respond, and he was granted several extensions of time in which to respond. Docs. 48, 50. Plaintiff then filed a motion for continuance. Doc. 51. I construed that as another request for additional time for Plaintiff to gather his evidence and respond. Doc. 53. The motion was granted, and Plaintiff advised that it would be the final extension of time provided and Plaintiff's response in opposition to the summary judgment motion was due no later than January 19, 2011. *Id.* After an initial mail return, doc. 54, the order

was remailed to Plaintiff on December 21, 2010, to his new address, doc. 52. Plaintiff

has not filed any response to Defendant's motion.

**Legal standards governing a motion for summary judgment**

On a motion for summary judgment, the Defendant initially has the burden to

demonstrate an absence of evidence to support the nonmoving party's case. Celotex

Corporation v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2553-54, 91 L. Ed. 2d

265 (1986). If accomplished, the burden shifts to Plaintiff to come forward with

evidentiary material demonstrating a genuine issue of material fact for trial. *Id.* An

issue of fact is "material" if it could affect the outcome of the case. Hickson Corp. v.

Northern Crossarm Co., Inc., 357 F.3d 1256, 1259 (11th Cir. 2004) (citations omitted).

Plaintiff must show more than the existence of a "metaphysical doubt" regarding the

material facts, Matsushita Electric Industrial Co., LTD. v. Zenith Radio Corporation, 475

U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of

evidence is insufficient. The court must decide "whether the evidence presents a

sufficient disagreement to require submission to a jury or whether it is so one-sided that

one party must prevail as a matter of law." Hickson Corp., 357 F.3d at 1260, *quoting*

Anderson v. Liberty Lobby, 477 U.S. 242, 252, 106 S. Ct. 2505, 2505, 91 L. Ed. 2d 202

(1986). All reasonable inferences must be resolved in the light most favorable to the

nonmoving party, Watkins v. Ford Motor Co., 190 F.3d 1213, 1216 (11th Cir. 1999), if

there is a genuine dispute as to those facts. Scott v. Harris, 550 U.S. 372, 380, 127

S.Ct. 1769, 167 L.Ed.2d 686 (2007), *cited in* Ricci v. DeStefano, 129 S.Ct. 2658, 2677

(2009). "Where the record taken as a whole could not lead a rational trier of fact to find

for the nonmoving party, there is no genuine issue for trial." Matsushita Elec. Industrial

Co., 475 U.S. at 587 (internal quotation marks omitted), *quoted in* Ricci v. DeStefano, 129 S.Ct. at 2677.

"Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126 (1998), *quoting* Celotex, 477 U.S. at 324, 106 S. Ct. at 2553 (quoting Fed. R. Civ. P. 56(c), (e)). The nonmoving party need not produce evidence in a form that would be admissible as Rule 56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c). Owen v. Wille, 117 F.3d at 1236; Celotex, 477 U.S. at 324, 106 S. Ct. at 2553. Furthermore, pursuant to N.D. Fla. Loc. R. 56.1, facts set forth in Defendant's statement of material facts is deemed admitted (if supported by the record evidence) unless controverted by Plaintiff's statement. In this case, Defendant's statement of material fact is supported by the evidence, and that evidence is undisputed as Plaintiff failed to respond to the summary judgment motion.

**Procedural Status**

Plaintiff initiated this case on November 20, 2009, by filing a "motion for return of property." Doc. 1. This case was opened for Plaintiff instead of the case number Plaintiff listed on the motion, doc. 1, because that case, 4:02mj139-WCS, was closed.[1]

---

[1] Case 4:02mj139 was first closed in December of 2002 when the search warrant was returned, and then again closed in August, 2009, following Plaintiff's application for the return of property, which he later abandoned. *See* doc. 11 of that case. Plaintiff also filed a motion in a second related case, 4:02mj138, which met with identical results. *See* doc. 9 of that case. In both cases, I entered orders that directed the Clerk to open a new case should Plaintiff file any further motions in either case.

Plaintiff's case-initiating document, doc. 1, was construed as a civil rights action under 42 U.S.C. § 1983. Plaintiff then filed an amended complaint under 28 U.S.C. § 1331 or 1346, requesting return of items which were seized pursuant to a search warrant issued in December, 2002. Doc. 13, p. 5. Plaintiff states that the property seized and not returned to him consisted of: "$10,800 USD, various important papers, computer, notebook computer, and school work." *Id.*, at 5.

I reviewed Plaintiff's complaint, doc. 13, along with the prior action, case 4:02mc139. The search warrant at issue was alleged to have been conducted at the residence of Plaintiff's father, Vernon Gaskins. Docs. 7, 8 of case 4:02mj139. Plaintiff was directed to file an affidavit demonstrating where the search was conducted, that he is the person from whom the property was seized and he has the right to demand the return of the property. Doc. 14. Plaintiff was also directed to address within his affidavit whether or not Plaintiff agreed to "forfeit $10,000 in United States currency seized on or about December 6, 2002" as part of a plea agreement to a federal charge of attempted mail fraud in the United States District Court, District of New Jersey." That was case number 2:08cr845-KSH.

Plaintiff filed the affidavit as directed, signing it under penalty of perjury. Doc. 18. Plaintiff stated, in relevant part, that it was his cash that was seized in December, 2002, at his previous residence. Doc. 18, p. 1. Plaintiff also stated that when he was sentenced on May 19, 2009, it "had nothing to do with" the 2002 search warrant. *Id.*, at 3. Plaintiff stated he was "sentenced by guilty plea case 2:08-845, District of New Jersey before [D]istrict Judge Katharine S. Hayden." *Id.* Plaintiff said that his "guilty plea didn't include any agreement of any forfeiture of $10,000 nor any restitution." *Id.*

Furthermore, Plaintiff said the "Government with regard to, District of New Jersey agreed not to forfeit $10,000 U.S.D. as part of the November 17, 2008 final plea hearing." *Id.*

After review, I directed service of process and required a response from the Government. Doc. 20. Discovery commenced in July, 2010, doc. 39, and the Government filed the motion under consideration on November 1, 2010. Doc. 45.

**Rule 56 evidence, doc. 45**

A search warrant was served and executed on December 6, 2002, at the residence of both Plaintiff and his father, Vernon Gaskins, at 676 Pecan Street, Chipley, Florida. Doc. 45, ex. 1 (doc. 45-1, p. 2). Evidence taken from that residence included $300 U.S. Currency, a Capital City Bank Bag with $7,698 U.S. Currency, a BCB Community Bank Bag with $2,000 U.S. Currency, and $19 U.S. Currency, as well as various papers, and a computer. *Id.*

Plaintiff admitted in sworn statements that he used the computer which was in the living room in his Chipley, Florida residence during the commission of crimes, with assistance from his father. Doc. 45, p. 1; ex. 1 (doc. 45-1, pp. 2, 7).

The case was transferred to the District of New Jersey for prosecution of Plaintiff for other crimes.[2] Doc. 45-1, p. 2. Plaintiff was convicted in both state and federal court and served his federal sentence after release form state custody. Doc. 45, p. 2; ex. 3 (doc. 45-1, p. 27).

---

[2] Plaintiff was never charged in the commission of fraud due to his juvenile status at the time and his father, Vernon Gaskins, was not charged because the New Jersey U.S. Attorneys Office "felt most of the evidence pointed to Cameron Gaskins and the case was weaker against Vernon Gaskins." Doc. 45-1, p. 2.

On November 17, 2008, Plaintiff entered a guilty plea to a one-count Information which charged Plaintiff with attempted mail fraud in violation of 18 U.S.C. § 1341. Doc. 45-1, p. 27. "The plea agreement originally contained a provision whereby the defendant would agree to forfeit the $10,000 cash seized from 676 Pecan Street in Chipley, Florida as contraband." *Id.*, at 17-18. "However, just prior to the entry of the plea, the parties agreed to remove this provision." *Id.*, at 28.

During the plea hearing held before the Honorable Katharine S. Hayden on November 17, 2008, in Newark, New Jersey, Plaintiff said ". . . there was a discrepancy and the U.S. Attorney wants to forfeit $10,000, *which is not my money.*" Doc. 45, p. 2 (doc. 45-1, p. 28); Ex. C (doc. 45-1, p. 35) (emphasis added). The transcript of the hearing reflects that Plaintiff's criminal defense attorney informed the U.S. Attorney who prosecuted Plaintiff in New Jersey that the $10,000 was not his "and therefore, I guess he doesn't have the authority to forfeit the money since it's not his." Doc. 45-1, p. 38. The prosecutor went on to state: "So the government is, based on that representation willing to excise that from the plea agreement." *Id.*

After Plaintiff pled guilty on November 17, 2008, he was adjudicated guilty of attempted mail fraud in federal court in the District of New Jersey, and sentenced on July 22, 2009, to a 27-month term of imprisonment, to begin running from November 19, 2008. Doc. 45-1, pp. 39-40.

On November 20, 2009, Plaintiff filed a complaint in this Court seeking the return of property seized during the December, 2002, search warrant. Doc. 1, this case. On March 8, 2010, Plaintiff filed the amended complaint asserting his right to the return of property under Fed. R. Crim. P. 41(g). Doc. 13, p. 7.

On April 23, 2010, the company that was the victim of the fraud, Equiserve, was sent $10,017, which was the money seized in 2002. Doc. 45-1, p. 3.

**Analysis**

Defendant's evidence reveals that Plaintiff disavowed his ownership and, thus, lacks any entitlement to the return of the money seized. Plaintiff stated in court during his November, 2008, hearing that the money was not his. Plaintiff has no entitlement to the money. Plaintiff disavowed ownership under oath.

> [T]he representations of the defendant, his lawyer, and the prosecutor at [the plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

Blackledge v. Allison, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977) (citations omitted); *see also* United States v. Gonzalez-Mercado, 808 F.2d 796, 799-800 and n. 8 (11th Cir. 1987) (while not insurmountable, there is a strong presumption that statements made during a plea colloquy are true, citing Blackledge and other cases).

The statements of Plaintiff's defense attorney are also relevant, but his counsel may or may not be able to swear under oath that the money did not properly belong to Plaintiff. However, counsel acts as Plaintiff's agent before the Court. The government and the Court must be able to rely upon the statements of and officer of the court, Plaintiff's lawyer.

Plaintiff did not file any opposition to the summary judgment motion. I recognize that Plaintiff submitted a sworn affidavit in this case stating that the $10,017 in cash belonged to him. Doc. 18, p. 1. However, that assertion was not made again in

opposition to the summary judgment motion. Plaintiff's failure to respond to summary judgment, in spite of the earlier affidavit, means that the evidence before this Court is undisputed. N.D. Fla. Loc. R. 56.1.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion for summary judgment, doc. 45, be **GRANTED** and that the order adopting this report and recommendation direct the Clerk of Court to enter judgment in favor of the Defendant.

**IN CHAMBERS** at Tallahassee, Florida, on February 28, 2011.


 S/      William C. Sherrill, Jr.          
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**